**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

EFRAIN HIDALGO, a/k/a CHEKO,

                Petitioner,

                                                      17-CV-0784-A
      v.                                             11-CR-0151-A
                                                         11-CR-0366-A

UNITED STATES OF AMERICA,                  **DECISION AND ORDER**

                Respondent.
_____

      Petitioner Efrain Hidalgo seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, Petitioner's motion is denied.

## DISCUSSION

      On February 26, 2015, Petitioner pled guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); and one count of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The Court sentenced Petitioner to 210 months' imprisonment on his racketeering conspiracy conviction and a consecutive 120-month sentence on his § 924(c) conviction, for an aggregate sentence of 330 months' imprisonment. Petitioner did not appeal his conviction or sentence.

      Relying on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner now seeks to vacate his § 924(c) conviction pursuant to 28 U.S.C. § 2255. *See* Docket No. 333. *Johnson* held that the residual clause in the Armed Career Criminal Act's (ACCA), 18 U.S.C. § 924(e), definition of "violent felony" is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Petitioner argues that the definition of "crime of violence" in § 924(c) is similar to the ACCA's definition of "violent

1

felony" and must, therefore, also be declared unconstitutionally vague. *Compare* 18 U.S.C. § 924(c)(3)(B) (residual clause in definition of "crime of violence"), *with id.* § 924(e)(2)(B)(ii) (residual clause in definition of "violent felony").

## DISCUSSION

In his plea agreement, Petitioner "knowingly waive[d] the right to . . . collaterally attack any component of a sentence imposed by the Court which falls within or is less than" an aggregate sentence of life plus ten years. Docket No. 239 (Plea Agmt) ¶ 30. Petitioner gave up this right knowing that he was "waiving the right to challenge the sentence in the event that in the future [he] becomes aware of previously unknown facts or a change in the law which [he] believes would justify a decrease in [his] sentence." Plea Agree. ¶ 31. As noted, the Court sentenced Petitioner to 330 months' imprisonment. Petitioner's § 2255 motion therefore falls within the plea agreement's collateral-attack waiver.

A collateral-attack waiver is "'presumpti[vely] . . . enforceabl[e]." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d. Cir 2000)) (brackets omitted). A court may disregard a collateral-attack waiver in only a few narrow circumstances, "'such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the [petitioner's] sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus.'" *Id.*[1]

---

[1] It is well settled that that, "[e]ven if the plain language of the plea agreement" prohibits a collateral attack, a court should "not enforce . . . a waiver" when a petitioner "is challenging the constitutionality of the process

2

Even when read in the charitable light to which *pro se* pleadings are entitled, neither Petitioner's pleadings nor the record in this case suggest that the collateral-attack waiver in Petitioner's plea agreement is unenforceable. The only conceivable argument for disregarding the waiver—that the waiver "was not made knowingly, voluntarily, and competently"—has no support in the record.

Petitioner's plea hearing, which took place over two consecutive days, demonstrated that Petitioner's plea was knowing and voluntary. At his plea hearing, Petitioner stated, under oath, that he was satisfied with his attorney's "advice and counsel" and that his attorney had "done his best . . . advising [Petitioner] . . . to lead [him] in the right direction." Docket No. 349 at 4:6 – 5:5. Petitioner stated that he understood the lengthy factual basis for his plea, as well as the detailed Sentencing Guidelines calculations applicable in Petitioner's case. Petitioner stated that he understood the plea agreement's collateral-attack waiver (*id.* Tr. 30:9 – 31:13), and he repeatedly told the Court that he had no questions about the plea agreement's terms. Docket No. 349 Tr. 3:15-17; Docket No. 350 Tr. 1:16; 7:11-16; 10:10-11; 22:6-7; 22:13-14. After a lengthy colloquy, and based on the Court's observations, the Court found that Petitioner was "very intelligent, appears to be alert, focused, attentive, clearly understands everything [the Court was] saying," and "[d]oes not appear to be under the influence of any drug, medicine or alcohol." Docket No. 350 Tr. 16:2-6. Finally, Petitioner affirmed his understanding that, by entering a plea of guilty, he would be waiving his right to trial, "as well as all the

---

by which he waived" his collateral-attack rights. *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (addressing waiver of appellate rights). Petitioner's § 2255 motion does not suggest that he received ineffective assistance of counsel when he entered into his plea agreement.

other rights we talked about." *Id.* Tr. 21:21 – 22:1. Petitioner then pled guilty, and the Court found that Petitioner's "plea of guilty [was] knowing and voluntary." *Id.* Tr. 23:5-11.

Petitioner's statements during the "grave and solemn act" of pleading guilty, *United States v. Hyde*, 520 U.S. 670, 677 (1997), demonstrate that his plea was knowing and voluntary. There is, therefore, no basis to disregard the plea agreement's collateral-attack waiver, and the Court will not do so.[2]

**CONCLUSION**

For the reasons stated above, Petitioner's § 2255 motion (Docket No. 333) is denied. Pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b). The Clerk of the Court shall take all steps necessary to close the parallel civil action, 17-CV-0784-A.

**SO ORDERED.**

Dated: August 8, 2018            ___*s/Richard J. Arcara*___
    Buffalo, New York           HONORABLE RICHARD J. ARCARA
                                                   UNITED STATES DISTRICT JUDGE

---

[2] Because Petitioner's § 2255 motion is barred by the collateral-attack waiver, the Court need not address the merits of Petitioner's motion.

4